**In re Rose-Marie PIERRE, Debtor.**

**Bankruptcy No. 87–00737–BKC–AJC.**

United States Bankruptcy Court,
S.D. Florida.

July 31, 1987.

John R. Greenwood, Miami, Fla., for debtor.

Barry S. Fishman, Miami, Fla., for Fleet Mortg. Corp.

## ORDER OF CIVIL CONTEMPT

A. JAY CRISTOL, Bankruptcy Judge.

This cause came on to be heard on July 28, 1987, upon the motion of debtor to hold a secured creditor, Fleet Mortgage Corporation, in contempt of court for willful violation, pursuant to 11 U.S.C. § 362.

It is undisputed that Fleet Mortgage Corporation filed a mortgage foreclosure action in Circuit Court against debtor after the filing of debtor's petition for relief and without knowledge thereof. This action though a nullity and a technical violation of 11 U.S.C. § 362, does not constitute contempt. Thereafter, upon learning of the

filing of the debtor's petition in Bankruptcy Court, Fleet Mortgage Corporation refused to dismiss the foreclosure action. It is this act that the court finds to be a willful violation of the automatic stay. Fleet Mortgage Corporation is found in civil contempt of this court. Therefore, it is

ORDERED as follows:

1. The secured creditor, Fleet Mortgage Corporation, is found in civil contempt for failure to dismiss a suit to foreclose debtor's mortgage (Case No. 87–21618, in the Circuit Court of the Eleventh Judicial Circuit of Florida) after having received notice of this court's automatic stay.

2. Fleet Mortgage Corporation is fined $25,000.

3. The appropriate agent of Fleet Mortgage Corporation responsible for the contempt shall be confined in a Federal prison for a period of ten (10) days.

4. The above penalties for contempt may be purged by a dismissal of the foreclosure suit, without prejudice within forty-eight (48) hours.

5. Fleet Mortgage Corporation shall take all steps necessary to reflect this order and remove the Notice of Lis Pendens filed in the mortgage foreclosure suit from the public records.

6. The debtor shall recover the attorney's fees as incurred in this cause, the amount to be determined by evidentiary hearing.